Singh v. Bondi

BIA
Palmer, IJ
A202 081 125

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

GURDEEP SINGH,
> *Petitioner,*

> v.                                                    **22-6337**
>                                                          **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Heena Arora, Law Offices of Heena Arora,
                                                P.C., Richmond Hill, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurdeep Singh, a native and citizen of India, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurdeep Singh*, No. A 202 081 125 (B.I.A. June 15, 2022), *aff'g* No. A 202 081 125 (Immigr. Ct. N.Y.C. Sep. 20, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

On appeal, we consider the decisions of both the IJ and the BIA. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), meaning that "the administrative findings of fact are conclusive unless any reasonable adjudicator

2

would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao,* 891 F.3d at 76.

Here, Singh alleged that he feared persecution as a member of the Shiromani Akali Dal Amritsar ("SADA") Party because he was assaulted once by members of rival political parties, and after he left India, members of these parties beat his

father to death and assaulted other family members. But given Singh's various inconsistencies, the implausibility of his story, and the lack of corroborating evidence, we see no reason to question the agency's adverse credibility determination.

For starters, the IJ reasonably relied on inconsistencies between Singh's testimony and his written statement. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh wrote in his application that he was attacked once in September 2012, and that following this attack he hid in his house. However, he later testified that, after the attack, he stayed "here and there" for six months, residing with various family members who lived "at different places" fifty to sixty kilometers away from his family's home. Certified Admin. Record at 179. This inconsistency calls into question whether he actually relocated following the attack and, assuming that he did, how he safely traveled between various houses for six months. *See Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal quotation marks omitted)). And while Singh contends that this inconsistency simply resulted from his written account being incomplete, the

agency is not required to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). In any event, this was not the only inconsistency in Singh's story that the IJ relied on to determine that he was not credible.

The IJ also identified the inconsistency between Singh's statements and his brother's affidavit regarding whether Singh accompanied their father to file a report at the police station. *See Xiu Xia Lin*, 534 F.3d at 167 (permitting consideration of discrepancies between the petitioner's testimony and letters from third parties). Singh testified that following the September 2012 attack, he and his father went to the police station to lodge a complaint, but the police refused to file a report and demanded a bribe. However, as the IJ pointed out, this story conflicts with the supporting statement of Singh's brother, which states that their father went to the police station to lodge a complaint against the attackers without making any mention of Singh. When Singh was asked why his brother failed to mention that he accompanied his father on this trip to the police station, Singh explained that his brother "was a kid" and therefore may not have remembered.

5

Certified Admin. Record at 176. But again, the IJ was not required to accept Singh's explanation, especially since Singh's brother was twenty-two years old at the time he drafted the letter. *See Majidi*, 430 F.3d at 80.

In addition to relying on inconsistencies in Singh's story, the IJ also noted its implausibility. In particular, the IJ reasonably questioned Singh's assertion that his father was beaten repeatedly on the head with sticks and an iron rod by members of a rival political party and eventually succumbed to those injuries at the hospital two days later. The IJ observed that the photograph that Singh provided of his recently deceased father in the hospital reflected no visible injuries to his father's head and, instead, showed a man's bare chest, exposed arm, face, and head, revealing "no injuries consistent with a man who had been repeatedly and badly beaten with an iron rod." Certified Admin. Record at 65. Singh attempted to overcome the lack of evidence by arguing that half of his father's body is not visible in the photograph, the internal injuries cannot be seen, the extent of his injuries is obvious given the oxygen mask shown, and that this photograph was taken after his father had died. However, as the BIA noted, this explanation is not compelling given that an oxygen mask would be unnecessary if his father had already been deceased for days as Singh claimed. *See Siewe v.*

6

*Gonzales*, 480 F.3d 160, 167–68 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)).

The IJ also reasonably found it implausible that members of rival political parties would attack Singh's family more than six years after his departure, returning multiple times to his family home to assault multiple family members, and that no one, including hospital staff, reported these beatings or the murders of his father and grandfather to the police. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (affirming an implausibility finding when it is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived"). This seems even more implausible given that the country conditions evidence makes no mention of this sort of violence occurring in Singh's home state of Haryana. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (holding that State Department reports are "probative"). The State Department reported that observers considered Indian elections as generally "free and fair," Certified Admin. Record at 396, and none of Singh's other documentary evidence suggests that low-level SADA workers were subject to extreme violence from members of an opposing party.

7

Finally, having questioned Singh's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroboration. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). And since Singh does not meaningfully challenge the corroboration finding here, we consider it abandoned on appeal. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

Ultimately, we are convinced that Singh's inconsistencies, the implausibility of his story, and the lack of reliable corroboration provide substantial evidence for the IJ's adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an a[pplicant] from showing that an IJ was compelled to find him credible," and "[m]ultiple inconsistencies would so preclude even more forcefully."). And because "the same factual predicate underlies [Singh's] claims for asylum, withholding of

8

removal, and protection under the CAT, [the agency's] adverse credibility determination forecloses all three forms of relief." *Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>